# EXHIBIT A

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | |
| | ) | |
| Tony Gillespie, | ) | |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 2022-CP-42-_____ |
| Spartanburg County School | ) | |
| District Five and Dr. Randall Gary, | ) | |
| Individually, and in his official | ) | |
| capacity, | ) | |
| | ) | |
| _____ Defendants. _____ | ) | |

**TO THE DEFENDANTS ABOVE NAMED**:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                              **TALLEY LAW FIRM, P.A.**


                              /s/ Scott F. Talley_____
                              Scott F. Talley (SC Bar No. 70364)
                              291 S. Pine St.
                              Spartanburg, SC  29302
                              (864) 595-2966
                              Attorneys for Plaintiff

September 16, 2022

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF SPARTANBURG ) | |

|  |  |
|---|---|
| Tony Gillespie, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | Case No.: 2022-CP-42-_____ |
| Spartanburg County School ) | |
| District Five and Dr. Randall Gary, ) | |
| Individually, and in his official ) | |
| capacity, ) | |
| ) | |
| _____ Defendants. ) | |

## EMPLOYMENT CASE

Plaintiff, complaining of the Defendants, respectfully makes the following allegations

### PARTIES AND JURISDICTION

1.  Plaintiff Gillespie is a citizen and resident of Spartanburg County, South Carolina and previously worked as the Athletic Director at Byrnes High School.

2.  Defendant Spartanburg County School District Five ("District Five") is state government entity located in Spartanburg County, South Carolina.

3.  Defendant Randall Gary ("Dr. Gary") is employed as the Superintendent of District Five, works for District Five in Spartanburg County and is a resident of Spartanburg County.

4.  The parties operate within and have substantial connections to Spartanburg County and the Court has personal jurisdiction over the parties.

5.  Plaintiff alleges a violation of 42 U.S.C. § 1983 (Speech) and wrongful discharge in violation of public policy.

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

6.    These claims are pled in the alternative where necessary.

7.    These claims arise under federal statutory law and the common law of South Carolina.

8.    This Court can exercise jurisdiction over these claims.

9.    The events giving rise to this action occurred in Spartanburg County and venue is proper in this court.

## FACTUAL ALLEGATIONS

10.    District Five hired Plaintiff as the Athletic Director in 2013.

11.    Plaintiff is a proud supporter of President Donald Trump.  Plaintiff liked/shared information on social media that supported the election of President Trump in 2020.

12.    Plaintiff is also a proud supporter of the Constitutional right to bear arms.  Plaintiff posted information on social media that supported the protection of the Second Amendment.

13.    In 2020, Dr. Gary became aware of Plaintiff's posts, political affiliation and efforts to protect the right to bear arms.

14.    In 2020 Dr. Gary, summoned Plaintiff to meet with him three consecutive days regarding "political" posts Mr. Gillespie shared/liked on social media. Dr. Gary expressed to Plaintiff that he was personally troubled by Plaintiff's posts on social media.

15.    During these meetings, Dr. Gary expressed personal concerns with Plaintiff's political views and affiliations, including but not limited to concerns Plaintiff made about mask requirements.  None of the statements, shares, likes by Plaintiff on

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

social media negatively impacted his ability to effectively do his job. None of his political views and affiliations had the potential to in any way damage Defendants.

16.     Dr. Gary instructed Plaintiff not to engage in certain political affiliations in any public manner. This request of Plaintiff was made despite other employees displaying bumper stickers supporting a political candidate or cause as well as other employees engaging in social media posting about partisan political matters.

17.     Dr. Gary pressured Plaintiff to write an apology for the posts that "offended people" and implied that a failure to do so would result in the termination of his employment. Out of fear for his job, Plaintiff posted an apology that was present for a while before being removed by Plaintiff.

18.     This began a pattern of behavior by Dr. Gary seeking to remove Plaintiff from his then position with District 5. At all times Plaintiff cooperated, met with and followed direction given to him by Dr. Gary or other administrators of the Defendant, making it difficult for Dr. Gary to create a reason to terminate and hide his true motivation to either terminate or demote the Plaintiff.

19.     District Five's policies, the laws of this state and country allow for free speech of political beliefs and to promote the right to bear arms. District Five even allows its employees, under certain circumstances, to seek partisan political office.

20.     Subsequent to the three consecutive day meetings described above, Plaintiff in his role as Athletic Director was improperly singled out by Dr. Gary beginning in the 2021-2022 school year regarding the Defendant's procurement policy.

21.     Beginning in January 2022, the Plaintiff met with Dr. Gary and other members of the Defendant's administration regarding procurement issues. Other

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

departments/personnel in District 5 operated in regards to procurement as had been the practice in District 5 for several years. Upon information and belief, no other person but Plaintiff was singled out regarding technical procurement issues that were raised by Plaintiff as to conduct of others.

22.  District Five failed to follow its own policy in its handling of Plaintiff's personnel issue including, but not limited to, having Plaintiff sign a letter placed in his personnel file on January 14, 2022.

23.  District Five further failed to follow its policies in having Plaintiff sign a January 31, 2022 letter that was also placed in his personnel file.

24.  Defendants attempted to justify terminating Plaintiff's employment by initiating a financial audit of his department. There was no valid reason for the audit.

25.  Plaintiff was placed on administrative leave pending a financial audit of the athletic department finances at the direction of Dr. Gary. It is clear that other members of the Defendant's staff were aware of allegations against Plaintiff during the winter/spring 2022 based on comments made outside of meetings that were taking place.

26.  The results of the financial audit showed that Plaintiff did not engage in any misconduct.

27.  Defendants by and through the actions of Dr. Gary were unable to validate any reason for lawful termination of the Plaintiff. Despite there being no valid reason, Dr. Gary informed Plaintiff that he was being removed from the athletic director position. His employment as athletic director was terminated for no valid or lawful

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

reasons. Rather, the termination was based on Plaintiff's exercise of his protected Constitutional rights and political affiliation.

### FIRST CAUSE OF ACTION
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

28.    Plaintiff restates his allegations above as if fully repeated herein.

29.    Plaintiff was an at-will employee with a contract.

30.    Defendant terminated Plaintiff's employment based on his political association, political opinions and statements, and his attempts to exercise political rights and privileges.

31.    S.C. Code Ann. § 16–17–560, prohibits discharging a citizen from employment because of political opinions or the exercise of political rights and privileges guaranteed to every citizen by the Constitution and laws of the United States or by the Constitution and laws of this State. This constitutes a public policy of South Carolina.

32.    Defendants terminated Plaintiff's position of employment in violation of South Carolina public policy.

33.    Plaintiff is entitled to damages as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, lost earning capacity, stress and anxiety, pain and suffering, and embarrassment and humiliation.

34.    Plaintiff is entitled to an award of punitive damages based on willful and intentional misconduct of the Defendants.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 (Speech)

35.    Plaintiff restates his allegations above as if fully repeated herein.

36.    It is unlawful to terminate a public employee for his political affiliation or lack thereof.

37.    It is unlawful to terminate a public employee for expressing his views on the Second Amendment.

38.    Plaintiff's speech was about matters of public concern.

39.    Plaintiff's speech was not pursuant to his job duties.

40.    Plaintiff was reassigned to a lower paying job and removed as athletic director based on his speech in violation of his First, Second and Fourteenth Amendment Rights.

41.    Plaintiff's reassignment for unlawful reasons was carried out by Dr. Gary.

42.    Plaintiff's unlawful reassignment was initiated and carried out in retaliation for protected speech by Dr. Gary acting under color of stat law rendering him liable.

43.    Dr. Gary was aware of the state and federal protections that prohibited termination an employee for exercising Constitutional rights and based on political affiliation. Because of such knowledge, Dr. Gary delayed immediately firing Plaintiff to hide his intentions but continued to search for other reasons to allege as the reasons for his decision, including conducting an audit of athletic department funds which did not find that Plaintiff had taken or misappropriated any money.

44.    There was no valid justification for Dr. Gary's actions toward Plaintiff.

45.    Title 42 U.S.C. § 1983 allows a civil action for damages against a government official who deprives an individual of a constitutionally protected right.

46.    Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein.

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

47.  Plaintiff is entitled to damages as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, lost earning capacity, stress and anxiety, pain and suffering, and embarrassment and humiliation.

48.  Plaintiff is entitled to an award of punitive damages based on willful and intentional misconduct of the Defendants.

49.  Plaintiff is entitled to recover his costs and attorney's fees.

**THIRD CAUSE OF ACTION**
**DEFAMATION**

50.  Plaintiff restates his allegations above as if fully repeated herein.

51.  Defendants through the actions of Dr. Gary made false allegations and statements to third parties suggesting that Plaintiff had engaged in financial impropriety that resulted in him being suspended and then removed from his position as Athletic Director.

52.  Defendants' statements implied that Plaintiff engaged in crimes of moral turpitude.

53.  Defendants' statements implied that Plaintiff was unfit for his business or profession.

54.  Defendants' actions are actionable as defamation per se.

55.  Defendants' actions have resulted in Plaintiff not being considered for other athletic director positions.

56.  Upon information and belief, Defendants' have provided false statements to Plaintiff's prospective employers which has resulted in Plaintiff not obtaining employment in his field of experience.

57.  Plaintiff is entitled to actual and compensatory damages as a result of Defendant's unlawful actions, including, but not limited to, loss of wages and earning capacity

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

(back pay and front pay), emotional harm, as well as harm to reputation as a long-time employee being suspended and then removed abruptly without cause.

58.    Plaintiff is entitled to an award of punitive damages based on the malicious, willful, wanton, and reckless actions of Defendant.

WHEREFORE, having fully set forth its complaint, the Plaintiff prays that this honorable Court inquire into the matters alleged herein and that Plaintiff be awarded:

1.    Plaintiff requests a jury trial on all claims;

2.    Actual and compensatory damages as a result of Defendant's unlawful actions, including, but not limited to, loss of wages and earning capacity (back pay and front pay), emotional harm, as well as harm to reputation;

3.    Punitive damages based on the malicious, willful, wanton, and reckless actions of Defendant;

4.    Equitable relief as the Court deems just and necessary;

5.    Costs and attorney's fees; and

6.    Such other and further relief as this Court deems just and proper.

TALLEY LAW FIRM, P.A.

/s/ Scott F. Talley
Scott F. Talley (SC Bar No. 70364)
291 South Pine Street
Spartanburg, SC  29302
(864) 595-2966
Scott@talleylawfirm.com
Attorneys for Plaintiff

September 16, 2022
Spartanburg, SC

ELECTRONICALLY FILED - 2022 Sep 16 8:34 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

# EXHIBIT B

ELECTRONICALLY FILED - 2022 Sep 20 12:17 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                         )
COUNTY OF SPARTANBURG    )

Tony Gillespie,                    )
                                   )
              Plaintiff,           )        **AFFIDAVIT OF SERVICE**
                                   )
vs.                                )
                                   )    Case No.: 2022-CP-42-03495
Spartanburg County School          )
District Five and Dr. Randall Gary, )
Individually, and in his official   )
capacity,                          )
                                   )
_____ Defendants.         )

PERSONALLY, appeared before me the undersigned, who, being duly sworn says that he served the following:

(X)    **SUMMONS AND COMPLAINT**

(X)    By personal delivery to:  **DR. RANDALL GARY**

( )    By delivery to: _____, a person of discretion residing in the same residence and present at the time of the service.

( )    By delivery to:_____, a person of discretion at his/her place of employment and present at his/her place of employment at the time of service.

and leaving with him/her one (1) copy of same at 100 North Danzler Rd., Duncan, SC 29334 on the 16th day of September, 2022, at  12:40  p.m.

Jesse Jones, Process Server

Sworn to before me this 16
day of September, 2022.
_____ (SEAL)
Notary Public for South Carolina
My commission expires:04/30/2028

ELECTRONICALLY FILED - 2022 Sep 20 12:17 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF SPARTANBURG )<br>)<br>Tony Gillespie, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>Spartanburg County School )<br>District Five and Dr. Randall Gary, )<br>Individually, and in his official )<br>capacity, )<br>)<br>      Defendants. ) | IN THE COURT OF COMMON PLEAS<br><br><br>**AFFIDAVIT OF SERVICE**<br><br>Case No.: 2022-CP-42-03495 |

PERSONALLY, appeared before me the undersigned, who, being duly sworn says that he served the following:

(X)    **SUMMONS AND COMPLAINT**

(X)    By personal delivery to: **SPARTANBURG COUNTY SCHOOL DISTRICT FIVE, BY AND THROUGH DR. RANDALL GARY, IN HIS CAPACITY AS SUPERINTENDENT FOR SPARTANBURG COUNTY SCHOOL DISTRICT FIVE**

and leaving with him/her one (1) copy of same at <u>100 North Danzler Rd., Duncan, SC 29334</u> on the <u>16th</u> day of September, 2022, at <u>12:40</u>    p.m.

                         Jesse Jones, Process Server

Sworn to before me this _16_
day of September, 2022.
_____ (SEAL)
Notary Public for South Carolina
My commission expires:<u>04/30/2028</u>

# EXHIBIT C

ELECTRONICALLY FILED - 2022 Oct 12 11:41 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF SPARTANBURG )
)
)
Tony Gillespie, )
) C.A. No. 2022-CP-42-03496
Plaintiff, )
) **NOTICE OF FILING OF NOTICE OF**
vs. ) **REMOVAL**
)
Spartanburg County School District )
Five and Dr. Randall Gary, Individually, )
and in his official capacity, )
)
Defendants. )
_____ )

PLEASE TAKE NOTICE that on October 12, 2022, in the above-entitled action,
Defendants, Spartanburg County School District Five and Dr. Randall Gary, are filing a Notice
of Removal, a copy of which is attached hereto as **Exhibit A**, of the above-entitled action in the
United States District Court for the District of South Carolina, Spartanburg Division.

You are also advised that Defendants, on filing such notice in the Office of the Clerk of
Court of the United States District Court of South Carolina, Spartanburg Division, also are filing
copies of the same with the Clerk of Court, Spartanburg County, South Carolina, to effect
removal pursuant to 28 U.S.C. Section 1446(d).

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By: s/ *Allen D. Smith*
Allen D. Smith, S.C. Bar No. 15065
asmith@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Defendants

October 12, 2022

Columbia, South Carolina

2

ELECTRONICALLY FILED - 2022 Oct 12 11:41 AM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4203496