IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Tony Gillespie, )<br>            )<br>        Plaintiffs, )<br>            )<br>v.          )<br>            )<br>Spartanburg County School District )<br>Five and Dr. Randall Gary, )<br>Individually, and in his official )<br>capacity, )<br>            )<br>        Defendants. )<br>_____ ) | C.A. No. 7:22-cv-03535-DCC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants Spartanburg County School District Five and Dr. Randall Gary's ("Defendants") Motion for Summary Judgment. ECF No. 26. Plaintiff Tony Gillespie ("Plaintiff") filed a Memorandum in Opposition to Defendants' Motion for Summary Judgment, and Defendants filed a Reply. ECF Nos. 30, 31. For the reasons set forth below, Defendants' Motion for Summary Judgment is granted.

**BACKGROUND**

This case arises from Defendants' termination of Plaintiff as Athletic Director in Spartanburg County School District Five ("Defendant District Five") at Byrnes High School. ECF Nos. 1-1 at 4, 6; 26-2 at 3. In 2013, Defendant District Five hired Plaintiff as Athletic Director. ECF No. 1-1 at 4. In 2020, Plaintiff posted information on social media websites regarding his support of former President Donald Trump and the constitutional right to bear arms. *Id.*; ECF Nos. 30-1. Thereafter, Dr. Randall Gary ("Defendant Gary") met with Plaintiff to discuss the social media posts and communicated

personal concerns regarding the posts. ECF No. 1-1 at 4. Defendant Gary instructed Plaintiff to refrain from political affiliations in a public manner. *Id.* at 5. After this conversation, Plaintiff posted an apology on social media that he later removed. *Id.* In January 2022, Kacey Austin ("Austin"), the District Procurement Officer,[1] received a notification regarding a requisition for baseball field conditioning. ECF Nos. 26-1 at 2; 26-4 at 3–4. Austin became concerned because the quotes related to the project all came from the same vendor in the same format and informed her boss of the issue. ECF No. 26-4 at 4. On January 14, 2022, Defendant Gary and members of Defendant District Five's administration met with Plaintiff to discuss the procurement issues. ECF Nos. 1-1 at 5; 26-5 at 2. Plaintiff explained that obtaining three bids from the same vendor was how he obtained quotes in the past, and Defendant Gary and other members of the administration informed Plaintiff that such a practice was improper and could not continue moving forward. ECF Nos. 26-2 at 8; 26-4 at 8; 26-5 at 2. To that end, Defendant Gary informed Plaintiff that Austin would "receive all quotes for purchases through the athletic department that are over $2[,]500 for the next twelve months." ECF No. 26-5 at 2.

On January 21, 2022, Plaintiff requested another meeting with Defendant Gary to further explain the common practice of obtaining quotes from the same vendor. ECF No. 26-2 at 12–13. At this meeting, Defendant Gary asked Plaintiff whether he was aware if work had already been completed with respect to the baseball field conditioning, and Plaintiff informed Defendant Gary that he would check and find out. *Id.* at 13. However,

---

[1] With respect to Austin's role, the Court cites to Defendants' Motion for Summary Judgment, and Plaintiff does not dispute Austin's role in his Response.

Plaintiff later testified that he did know by the January 21, 2022, meeting that some work had been done on the baseball fields because he had received a text message indicating such.  *Id.* at 15.  On January 24, 2022, Plaintiff requested another meeting with Defendant Gary and Austin.  ECF No. 26-8 at 2.  Defendant Gary and Austin said that they remember him "apologiz[ing] for not admitting the work on the field was complete."  ECF Nos. 26-4 at 7; 26-7 at 4; 26-8 at 2.   During his deposition, Plaintiff testified that he did not remember whether he apologized or not.  ECF No. 26-2 at 14.  On January 26, 2022, Defendant Gary informed Plaintiff that he was being placed on administrative leave because of the procurement issues and Plaintiff's dishonesty and that Defendant District Five "requested that a financial audit of the athletic department be conducted."  ECF No. 26-8 at 3.

On February 14, 2022, Plaintiff was provided with the results of the audit, and on February 16, 2022, Defendant Gary met with Plaintiff to respond to the concerns raised from the investigation and audit.  ECF No. 26-9 at 2.  On March 18, 2022, Defendant Gary met with Plaintiff to inform him that he had lost confidence in Plaintiff's ability to act as Athletic Director at Byrnes High School and that he was being reassigned "to a math interventionist position at Florence Chapel Middle School" effective March 22, 2022, for the remainder of the school year with no loss in pay.  *Id.* at 2–3.  On May 7, 2022, Plaintiff emailed Heather Lister ("Lister"), Director of Personnel at Defendant District Five, to inform her that he was declining his contract and would begin a new position with Hillcrest High School in Greenville County beginning on July 1, 2022.  ECF No 26-10 at 2.

On September 16, 2022, Plaintiff filed a Complaint in the Court of Common Pleas in Spartanburg County, asserting causes of action for wrongful discharge in violation of

3

public policy, violation of 42 U.S.C. § 1983, and defamation. ECF No. 1-1 at 7–10. On October 12, 2022, Defendants removed the case to federal court. ECF No. 1. On October 13, 2022, Defendants filed an Answer, and on October 30, 2023, Defendants filed a Motion for Summary Judgment. ECF Nos. 6, 26. On November 13, 2023, Plaintiff filed a Response in Opposition, and on November 17, 2023, Defendants filed a Reply. ECF Nos. 30, 31. Accordingly, this matter is ripe for review.

## APPLICABLE LAW

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56(a) states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations

4

averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

### **DISCUSSION**

## I. Violation of 42 U.S.C. § 1983

Defendants contend that the Court should grant summary judgment as to Plaintiff's claim for violation of 42 U.S.C. § 1983 because Plaintiff fails to provide any direct evidence that his reassignment was connected to his prior social media posts. ECF No. 26-1 at 11. Defendants argue that Plaintiff's claim requires a temporal proximity between the protected activity and alleged retaliation, and Plaintiff cannot establish temporal proximity because 19 months elapsed between Defendant's social media posts and his reassignment. *Id.* at 10–12. Moreover, Defendants assert that Plaintiff's reassignment was not in retaliation for prior social media posts but based on procurement issues and Plaintiff's misleading responses. *Id.* at 12. Defendants also contend that Plaintiff's claim should fail based on qualified immunity. *Id.*

In contrast, Plaintiff argues that he has established a causal connection between his prior social media posts and the reassignment. ECF No. 30 at 8. Plaintiff argues that Defendants engaged "in a consistent pattern of questioning the athletic department on several matters looking for a 'smoking gun' in which Defendant Gary can terminate the Plaintiff without fear of retribution." *Id.* at 8–9. According to Plaintiff, Defendant Gary's pattern of behavior includes personal statements, the investigation, audit, and the reassignment. *Id.* at 9. Plaintiff asserts that there is evidence that Defendants acted in retaliation for Plaintiff's prior social media posts, evidence that includes Defendant Gary's testimony that he did not have concerns about the day-to-day operations of the athletic department, the fact that Defendant Gary only spoke to one other person about political social media posts while acting as superintendent, and the fact "that no other audit had been performed of an individual department but for the resignation of a director." *Id.*

6

Plaintiff also relies, in part, on the fact that other procurement violations occurred each year for which Defendants took no adverse employment action.  *Id.*

Having reviewed the applicable law and the arguments and submissions of the parties, the Court finds that Defendants are entitled to summary judgment on Plaintiff's violation of 42 U.S.C. § 1983 claim.  "To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a 'person acting under the color of state law.'"  *Sammons v. McCarthy*, 606 F. Supp. 3d 165, 197–98 (D. Md. 2022) (citations omitted).  In his Complaint, Plaintiff alleges a violation of his free speech rights under the First Amendment.  *See* ECF No. 1-1 at 7–9.

> Where a public employee sues a government employer for First Amendment retaliation pursuant to § 1983, the employee must prove:
>
> (1) [He] was speaking as a citizen upon a matter of public concern [and not] as an employee about a matter of personal interest; (2) [His] interest in speaking upon the matter of public concern outweighed the government's interest in providing effective and efficient services to the public; and (3) [His] speech was a substantial factor in the employee's [adverse employment] decision.

*Penley v. McDowell Cnty. Bd. of Educ.*, 876 F.3d 646, 654 (4th Cir. 2017) (quoting *McVey v. Stacy*, 157 F.3d 271, 277–78, (4th Cir. 1998)); *accord Grutzmacher v. Howard Cnty.*, 851 F.3d 332, 342 (4th Cir. 2017).  Prong three is otherwise known as the causation prong.  *Id.*  "In order to establish this causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of her engaging in protected activity."  *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005) (citing *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d

653, 657 (4th Cir. 1998)). However, "[t]here must also be some degree of temporal proximity to suggest a causal connection." *Id.*

Here, a genuine issue of material fact does not exist to preclude granting summary judgment. As a threshold matter, Defendants concede "that Plaintiff, through his [social media] posts, spoke as a citizen and not an employee, on a matter of public concern." ECF No. 26-1 at 10. While Defendants do not concede that Plaintiff's interest outweighed Defendant District Five's "interest in providing effective and efficient services to the public[,]" *id.* n.4, they primarily argue against a sufficient causal nexus between Plaintiff's prior social media posts and his reassignment. In the § 1983 context, the Fourth Circuit has stated that "[a] lengthy time lapse between the [public official's] becoming aware of the protected activity and the alleged adverse . . . action . . . negates any inference that a causal connection exists between the two." *Constantine*, 411 F.3d at 501 (quoting *Dowe*, 145 F.3d at 657). In addition, "the passage of time alone cannot provide proof of causation unless the 'temporal proximity between an employer's knowledge of protected activity and an adverse employment action' was 'very close.'" *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam)). In *Pascual*, the Fourth Circuit held that because "three to four months separated the termination of [the plaintiff's] employment and the claimed protected activities" the time period was "too long to establish a causal connection by temporal proximity alone." *Id.*

As stated above, "the passage of time *alone* cannot provide proof of causation unless the 'temporal proximity between an employer's knowledge of protected activity and an adverse employment action' was 'very close.'" *Pascual*, 193 F. App'x at 233 (emphasis

8

added) (quoting *Breeden*, 532 U.S. at 273).  To that end, Plaintiff argues that there is evidence of an alleged pattern of behavior taken against him, including (1) "statements of personal interest regarding Plaintiff's conduct," (2) "the investigation into the athletic department," and (3) "the audit seeking further information against the Plaintiff and then finally claiming that the procurement matters[.]"  ECF No. 30 at 9.  However, Plaintiff provides no evidence of the "statements of personal interest[,]" and the Court is unaware what the statements entail.  In addition, as stated in the January 14, 2022, letter, the investigation may have occurred as early January 14, 2022, where the parties first discussed the quotes received from the vendor.  ECF No. 26-5 at 2.  The January 31, 2022, letter states that the financial audit began after Defendant Gary placed Plaintiff on administrative leave on January 26, 2022.  ECF No. 26-8 at 3.  As a result, the complained of behavior started as early as January 14, 2022, and lasted through March 22, 2022, when Defendant Gary reassigned Plaintiff.  ECF Nos. 26-5 at 2; 26-9 at 2–3.  As to Plaintiff's other allegations, "conclusory allegations, or denials, without more, are insufficient to preclude granting . . . summary judgment[.]"  *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (quoting *Wai Man Tom v. Hosp. Ventures, LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

    Given that Plaintiff fails to present evidence of retaliation other than the passage of time, the temporal proximity between Plaintiff's prior social media posts and adverse employment action must be "very close."  *See Pascual*, 193 F. App'x at 233 (quoting *Breeden*, 532 U.S. at 273).  In his Complaint, Plaintiff alleges that he posted on social media in 2020, and if the Court construes Plaintiff being placed on administrative leave on January 26, 2022, as the adverse employment action, more than a year transpired

between the protected activity and adverse action. More than a year is too long to establish temporal proximity that must be "very close." Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim for violation of 42 U.S.C. § 1983.[2]

## II.    Wrongful Termination in Violation of Public Policy and Defamation

Here, the Court has determined that summary judgment is appropriate with respect to Plaintiff's federal cause of action. Thus, only state law claims—wrongful termination in violation of public policy and defamation— remain. 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (holding that the district court did not abuse its discretion in declining to retain jurisdiction over the state law claims) (citation omitted). In determining whether to retain jurisdiction, courts consider the "convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citations omitted). Here, there are no issues of federal policy underlying the remaining state law claims. Further, comity favors remand since the remaining claims are quintessential state law questions. Therefore, the Court declines to exercise supplemental jurisdiction over

---

[2] As the Court grants Defendants' Motion with respect to Plaintiff's violation of 42 U.S.C. § 1983 claim because the Court finds that there is no sufficient causal connection between Plaintiff's prior social media posts and reassignment, the Court does not address Defendants' qualified immunity argument.

Plaintiff's remaining claims.  As this Court no longer has subject matter jurisdiction over this action, the Court sua sponte remands this action to state court.  *See, e.g.*, *Fleeman v. Toyota Motor Sales, U.S.A., Inc.*, 288 F. Supp. 2d 726, 727 (S.D.W. Va. 2003); *McMahan v. Jones*, C.A. No. 1:21-CV-10, 2021 WL 932031, at *1 (W.D.N.C. Mar. 11, 2021); *Reaves v. Dickens*, C.A. No. 4:22-CV-0639-TLW-TER, 2023 WL 2395630, at *5 (D.S.C. Jan. 27, 2023), *report adopted*, 2023 WL 2134711 (D.S.C. Feb. 21, 2023); *Pritchett v. Fed. Emergency Mgmt. Agency*, C.A. No. 14-02996, 2014 WL 5797788, at *2–3 (D. Md. Nov. 6, 2014); *Hecht v. United Jewish Fed'n of Tidewater, Inc.*, C.A. No. 2:18-CV-542, 2019 WL 237394, at *4 (E.D. Va. Jan. 16, 2019).[3]

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is [26] is **GRANTED**.  The remaining claims are **REMANDED** to the Court of Common Pleas in Spartanburg County.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 18, 2024
Spartanburg, South Carolina

---

[3] The Court notes that the parties are not diverse pursuant to 28 U.S.C. § 1332.